UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**MICHAEL LEHBERGER,**

     **Plaintiff,**

**v.**

**DON MOUL,**
*President and CEO, Tennessee Valley Authority,*

     **Defendant.**

**Case No. 5:25-cv-1142-HDM**

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Lehberger brings claims against Don Moul, President and CEO of the Tennessee Valley Authority ("TVA"), under the Rehabilitation Act. (Doc. 1). TVA moves to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction due to Plaintiff's failure to satisfy administrative exhaustion requirements applicable to his claims. (Docs. 7, 8). Specifically, TVA alleges that Lehberger did not file this lawsuit within ninety days of his receipt of the Equal Employment Opportunity Commission's ("EEOC") final decision and notice of his right to sue. The court agrees and dismisses the complaint.

### BACKGROUND

The salient allegations of the complaint, taken as true, are as follows: Plaintiff was employed by TVA as a Senior Nuclear Security Officer in Athens, Alabama,

until his termination on April 25, 2019. (Doc. 1, ¶¶ 6, 13). In April 2015, Plaintiff injured his left shoulder, leaving him with "no use of his left arm." *Id.*, ¶¶ 9, 11. Plaintiff continued to work until November 2015, when TVA "took him off of work." *Id.*, ¶ 10. While Plaintiff believed there were other positions available which he could have performed, TVA informed him that no such positions were available. *Id.*, ¶ 17.

Plaintiff asserts the legal conclusions that "Plaintiff sought a reasonable accommodation," *id.*, ¶ 36, and TVA "failed to reasonably accommodate [] Plaintiff," *id.*, ¶ 37, but Plaintiff does not allege any facts about his alleged request for accommodations, the interactive process, or how TVA failed to provide a reasonable accommodation to him from April 2015 to April 2019.

Plaintiff does not plead facts regarding when he made contact with an EEO counselor to initiate a complaint, but he does allege that he received a final decision from the EEOC on April 16, 2025. *Id.*, ¶ 5. The EEOC issued a final appellate decision for Complaint TVA-2019-0093 on April 15, 2025. (Doc. 7-2 at 6).[1] The

---

[1] When ruling on a Rule 12(b)(6) motion, courts may consider the complaint, its attachments, and documents central to the claim and referenced in the complaint, so long as their authenticity is not disputed. *Speaker v. U.S. Dep't of Health & Hum. Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). While the complaint references the EEOC's final decision, and the EEOC's decision and notice of right to sue is certainly central to a Plaintiff's ability to assert claims under the Rehabilitation Act due to administrative exhaustion requirements, Plaintiff did not attach to his complaint the EEOC's decision, notice of right to sue, or any documentation indicating that he satisfied administrative exhaustion requirements. TVA, however, did attach to its motion to dismiss the EEOC's final appellate decision, (doc. 7-2), and the EEOC's notification emails regarding its decision and

EEOC notified the parties to the appeal by email of its decision and dismissal of the matter on April 15, 2025. (Doc. 7-6).

On July 15, 2025, ninety-one days after the EEOC's final appellate decision, Plaintiff filed suit against TVA. (Doc. 1). On November 10, 2025, TVA filed a motion to dismiss. (Doc. 7). The motion is fully briefed. (Docs. 8, 10, 11).

## STANDARD OF REVIEW

The federal pleading standard requires a plaintiff's complaint to include, among other things, "a short and plain statement of [his] claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d

---

dismissal of the matter, (doc. 7-7). In his response, Plaintiff did not dispute the authenticity of these documents, (*see* doc. 10), and the court may properly consider them.

1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a plaintiff must produce enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of his or her claim. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted). Furthermore, when evaluating a Rule 12(b)(6) motion, courts may consider the complaint, its attachments, and documents central to the claim and referenced in the complaint, so long as their authenticity is not disputed. *Speaker v. U.S. Dep't of Health & Hum. Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010).

"Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." *Basel v. Sec'y of Defense*, 507 F. App'x. 873, 874 (11th Cir. 2013) (per curiam) (citing *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008)). "Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process." *Id.* (citing *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). "First, the court must look to the factual allegations in the defendant's motion and

4

the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant." *Id.* Second, "[i]f the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies." *Id.* at 1082–83.

## DISCUSSION

Lawsuits under the Rehabilitation Act must be filed within ninety days of the plaintiff's "receipt of the Commission's final decision on an appeal[.]" 29 C.F.R. § 1614.407(c); 42 U.S.C. § 2000e-16(c). Courts in the Eleventh Circuit interpret the ninety-day rule strictly in employment cases and will dismiss complaints filed even one day late. *See e.g., Norris v. Fla. Dep't of Health and Rehab. Servs.*, 730 F.2d 682, 682–83 (11th Cir. 1984); *Todd v. Holder*, 872 F. Supp. 2d 1284, 1289 (N.D. Ala. 2012); *Shirley v. Mulberry Props. LLC*, No. 5:25-CV-00450, 2025 WL 3026268, at *2 (M.D. Ga. Oct. 29, 2025). *See also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) (explaining that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"). Where a defendant argues that a complaint was not timely filed, the plaintiff bears the burden of showing timely filing. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002).

Though the Eleventh Circuit has yet to address the definition of "receipt" when the EEOC emails to the parties a portal link containing its decision, the consensus among courts is that the ninety-day clock starts on the date that EEOC emails the party a notice that it posted a decision. *Bradley v. McMahon*, No. 1:23-CV-5862, 2025 WL 1431332, at *4 (N.D. Ga. Mar. 31, 2025) (collecting cases). *See also McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) (holding the date of receipt to be the date "when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal"); *Lax v. Mayorkas*, 20 F.4th 1178, 1181–82 (7th Cir. 2021) (affirming dismissal of action as one day late because the limitations period started to run on the day plaintiff received an email notifying him of the EEOC's final decision, regardless of when he accessed the decision).

"[T]he key word in the statute is 'notify'; the limitations period begins to run upon notification of the aggrieved party." *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). "[A] rule that notice occurs only when a plaintiff chooses to check her mail (or email) would allow a plaintiff to unilaterally extend her own filing deadline." *Penson-Johnson v. UF Health Shands Hosp.*, No. 1:24-CV-176, 2025 WL 1517807, at *2 (N.D. Fla. May 28, 2025). In *Irwin v. Veterans Administration*, the Supreme Court held that the delivery of an EEOC notice mailed to an attorney's office constitutes "receipt" even though the attorney did not open the envelope until later. 498 U.S. 89, 93 (1990). *See Law v. Hercules, Inc.*, 713 F.2d

691, 693 (11th Cir. 1983) (holding ninety-day period began when claimant's seventeen-year-old son signed the return receipt for EEOC's right-to-sue letter, despite the claimant's contention that he did not see the letter until one or two days later). Delivery of an email from the EEOC providing notice of a final decision is no different because a plaintiff "should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute." *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1087 (11th Cir. 1982) (quoting *Lewis v. Connors Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982)).

Here, Plaintiff alleges that he received the EEOC's final appellate decision and notice of his right to sue on April 16, 2025, (doc. 1, ¶ 5), but he offers no factual allegations about how he received this notice. Upon further review, it is clear on the face of the EEOC's appellate decision and notice of right to sue that it was issued on April 15, 2025, not April 16th. (Doc. 7-2 at 6). Moreover, counsel representing the parties before the EEOC received notice of the EEOC's decision and right to sue by email on April 15, 2025, as well as notification that the EEOC had closed the appeal. (Doc. 7-7). Plaintiff himself, in addition to his counsel, also received notice by email on April 15, 2025, that the EEOC had closed his appeal. (Doc. 7-7 at 3).

Despite these facts, Plaintiff simply states in his response that he "received notice" of the decision on April 16, 2025, (doc. 10 at 10), offering nothing to rebut the clear evidence that, on April 15, 2025, the EEOC uploaded its decision and notice

to the complaint portal, notified all counsel of the appellate decision, and notified all counsel that it has closed the appeal, (doc. 7-7). As of April 15, 2025, Plaintiff's counsel received and was afforded full access to the EEOC's decision and notice of rights letter. (Doc. 7-7).[2]

Even construing these facts in Plaintiff's favor, the court finds that he should have filed this lawsuit on or before July 14, 2025, for it to be timely under the Rehabilitation Act.[3] 29 CFR § 1614.407. Because the complaint was filed on July 15, 2025, the complaint was not timely brought and is due to be dismissed with prejudice.

## CONCLUSION

Because Plaintiff's complaint is being dismissed on statute of limitations grounds, amendment to the complaint would be futile. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Defendant's motion to dismiss is **GRANTED**. (Doc. 7). The Clerk of Court is **DIRECTED** to close this case.

---

[2] Plaintiff does not challenge the authenticity of the EEOC's final decision or notification emails reviewed by the court. (*See* Doc. 10).

[3] Plaintiff does not assert or argue the applicability of equitable tolling. *Carter v. W. Pub. Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000) ("A plaintiff who asserts the applicability of equitable tolling bears the burden of proving that it is appropriate.").

8

**DONE** and **ORDERED** this 6th day of July, 2026.

**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE